UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-762-MOC
(3:11-cr-291-MOC-DCK-1)

| | | |
|---|---|---|
| STEVEN LEE SCHARR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence filed under 28 U.S.C. § 2255.  (Doc. No. 1).

I.    BACKGROUND

On July 17, 2013, Petitioner was convicted in this Court of possession of child pornography,

in violation of 18 U.S.C. § 2252(a)(4)(B), and he was sentenced to 51 months of imprisonment.

(Crim. Case No. 3:11cr291-MOC-DCK-1, Doc. No. 39: Judgment).  Petitioner did not appeal.

On June 16, 2014, Petitioner filed a motion to vacate in this Court, bringing various claims,

including the claim raised here that this Court should credit his 51-month sentence with the 5 ½

months he spent on home detention.  On June 19, 2014, the Court dismissed Petitioner's motion

to vacate, denying on the merits his claim regarding credit for home detention, and stating that

"[a] person on pretrial home detention is not eligible for a credit toward their sentence."  (Id.,

Doc. No. 43 at 4).  The Court further stated, however, that "[w]hile not stating a cognizable

claim under Section 2255, petitioner['s] argument contesting the computation or execution of his

sentence could well be considered an attack on the execution of his sentence, which is properly

1

brought under 28 U.S.C. § 2241 in the district where Petitioner is confined.  The court will, therefore, dismiss the second contention as frivolous under Section 2255; however, such dismissal will be without prejudice as to asserting such claim under Section 2241 (if he chooses to do so) in his district of confinement."  (Id. (citations omitted)).  On November 3, 2016, Petitioner filed the instant petition, arguing again, as his sole claim, that this Court should credit his 51-month sentence with the 5 ½ months he spent on home detention.

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that a response from the Government is not necessary and this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Petitioner's motion to vacate will be dismissed for several reasons.  First, it appears to be an unauthorized successive petition, notwithstanding that the Court dismissed the first motion to vacate without prejudice.  That is, despite the dismissal without prejudice, the Court clearly already ruled on the merits of the sole claim that Petitioner brings here.  See United States v. Brooks, No. CRIM.A. 08-00074, 2010 WL 5071118, at *1 (W.D. La. Dec. 6, 2010) (noting that "dismissal without prejudice of a § 2255 motion does not exempt any subsequently filed habeas motion from being deemed successive if any claim on the merits was adjudicated in the first one").  In any event, Petitioner's motion to vacate is time-barred under 28 U.S.C. § 2255(f)(1), as he has not filed it within one year of when his conviction became final.  Finally, Petitioner's sole

claim is denied for the same reason that the Court denied the claim on the merits in his earlier petition.  In sum, for the reasons stated herein, the motion to vacate will be denied.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate is denied.

**IT IS, THEREFORE, ORDERED** that

1.    Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).  Petitioner has failed to make the required showing.

Signed: November 10, 2016

Max O. Cogburn Jr.
United States District Judge